UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN FITZGERALD MESCALL,

               Plaintiff,

-v.-

PATRICK MCFARLAND, RRM HOME
CONFINEMENT COORDINATOR; FEDERAL
BUREAU OF PRISONS; COLETTE S.
PETERS, DIRECTOR, FEDERAL BUREAU
OF PRISONS; MAGALY COSME,
DIRECTOR, BRONX COMMUNITY
REENTRY CENTER (GEO),

               Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2023

23 Civ. 689 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, District Judge:

Plaintiff, who has been released by the United States Bureau of Prisons ("BOP") to home confinement and is appearing *pro se*, brings this action seeking injunctive relief in connection with his monitoring on home confinement. By order dated January 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order that service be made by the Marshals Service if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the federal Defendants (Residential Reentry Management ("RRM") Home Confinement Coordinator Patrick Mcfarland, BOP, and BOP Director Colette S. Peters) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these Defendants. As to these Defendants, the Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this Order and all other paperwork necessary for the Marshals Service to effect service on the United States.

To allow Plaintiff to effect service through the U.S. Marshals Service on the remaining Defendant, Magaly Cosme, employed by the Bronx Community Reentry Center operated by the GEO Group, Inc., the Clerk of Court is instructed to fill out a USM-285 form for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to: (1) issue summonses for all Defendants; (2) complete USM-285 forms with the service addresses for all Defendants; (3) for the federal

Defendants (RRM Home Confinement Coordinator Patrick Mcfarland, the BOP, and BOP Director Colette S. Peters), mark the box on the USM-285 forms labeled "Check for service on U.S.A."; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service of summonses on all Defendants.

The Clerk of Court is further directed to issue an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 14, 2023
         New York, New York

JENNIFER H. REARDEN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. U.S. Bureau of Prisons
   320 First St. NW
   Washington, DC 20534

2. Colette S. Peters, Director
   Bureau of Prisons
   320 First St. NW
   Washington, DC 20534

3. Patrick Mcfarland
   Coordinator, Resident Reentry Management
   Bureau of Prisons
   320 First St. NW
   Washington, DC 20534

4. Magaly Cosme
   Director, GEO
   Bronx Community Reentry Center
   2534 Creston Avenue
   Bronx, NY 10468