UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN F. MESCALL,

                Plaintiff,

-v.-

PATRICK MCFARLAND, RRM, Home Confinement Coordinator, Federal Bureau of Prisons; COLLETTE S. PETERS, Director, Federal Bureau of Prisons; and MAGALY COSME, Director, GEO Bronx Community Reentry Center,

                Defendants.

23 Civ. 689 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

    *Pro se* Plaintiff Sean F. Mescall brings this action against Patrick McFarland and Collette S. Peters—employees of the Federal Bureau of Prisons ("BOP Defendants")—and Director of the Bronx Community Reentry Center Magaly Cosme.[1] Invoking the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, Plaintiff challenges the imposition of an ankle monitor and related monitoring as conditions of his home confinement as alleged violations of his procedural due process rights under the Fifth Amendment and the *ex post facto* clause of the U.S. Constitution, Art. I § 9.

    Before the Court is Plaintiff's motion for a temporary restraining order ("TRO") and BOP Defendants' motion to dismiss. ECF Nos. 2, 25. For the reasons provided herein, both motions are DENIED as moot, and Plaintiff's claims are dismissed.

## BACKGROUND

    On March 3, 2022, Plaintiff, a then-prisoner at MDC Brooklyn, was released on home confinement to serve the balance of his sentence. ECF No. 3 (Pl.'s Br.) at 1. Upon his release,

---

[1] Defendant Cosme has not appeared in this action and does not join BOP Defendants' motion.

Plaintiff was fitted with an ankle monitor, which was removed in April 2022 and subsequently re-imposed on January 18, 2023.  *Id.* at 1-2.

On January 24, 2023, Plaintiff commenced this action by filing the instant motion for a TRO.  *See* ECF No. 2.[2]  In sum and substance, Plaintiff alleges that the ankle monitor is unduly "large" and "burdensome," thereby hampering him "from reintegrating effectively into society," and that he has been subjected to excessive monitoring in the form of multiple daily "harass[ing]" calls from the facility charged with monitoring him.  Pl.'s Br. 1-2, 5-6.  Plaintiff seeks injunctive relief, in the form of an order granting "relief from wearing an ankle monitor" and "enjoin[ing] the unconstitutional arbitrary conduct by the [D]efendants."  *Id*. at 7.[3]

On August 10, 2023, BOP Defendants jointly opposed Plaintiff's TRO application and moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 25, 28.  By Court Order dated July 25, 2023, Plaintiff was directed to file a response by August 25, 2023.  ECF No. 22.  He has not done so.

On August 23, 2023, Plaintiff was released from home confinement.  ECF No. 29 (BOP Defs.' Ltr.) at 1.  On September 7, 2023, BOP Defendants filed a letter contending that, in light of Plaintiff's August 23 release, this action "is now moot."  *Id.*  Plaintiff has not responded to BOP Defendants' letter.

## DISCUSSION

"A case is deemed moot where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'"  *Prins v. Coughlin*, 76 F.3d

---

[2] Upon filing his motion for a TRO, Plaintiff did not concurrently file a standalone complaint, a petition, or any other pleading; that is, this case was initiated solely by the filing of Plaintiff's motion.  *See* ECF Nos. 2-4, 7.

[3] Although Plaintiff states that he seeks "*declaratory* relief from wearing an ankle monitor," it is clear that he was instead seeking to "enjoin the unconstitutional arbitrary conduct by the defendants."  *Id*.

504, 506 (2d Cir. 1996) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).  To wit, where a plaintiff seeks to enjoin the conditions of custody, "[i]t is settled in this Circuit that a transfer from a prison facility moots [the plaintiff's] action for injunctive relief." *Id.*

Those principles govern here.  Plaintiff seeks injunctive relief concerning conditions of confinement pertaining to an ankle monitor.  *See*, *e.g.*, Pl.'s Br. 7 (requesting that the Court "enjoin the unconstitutional arbitrary conduct by the [D]efendants" and grant "relief from wearing an ankle monitor"); *see also id.* at 2 (seeking relief in regards to "a non-monetary matter"); ECF No. 7 (Pl.'s Decl.) at 1 (describing purportedly "unlawful conduct by the defendants and their associates," which allegedly "started immediately after receiving [an] ankle monitor").  In light of his August 23, 2023 release, however, Plaintiff is no longer subject to those conditions.  As "the problem [Plaintiff] sought to be remedied has ceased," his "case is deemed moot," and his claims are accordingly dismissed.  *Prins*, 76 F.3d at 506; *see*, *e.g.*, *Keitt v. New York City*, 882 F. Supp. 2d 412, 449 (S.D.N.Y. 2011) (dismissing claims for injunctive relief relating to plaintiff's custody in prior facility as moot); *Young-Flynn v. Wright*, No. 05 Civ. 1488 (LAK), 2007 WL 241332, at *8-10 (S.D.N.Y. Jan. 26, 2007) (denying motion for preliminary injunction and dismissing claims for injunctive relief pertaining to medical care at prison facility where plaintiff was no longer incarcerated); *Cain v. Jones*, No. 05 Civ. 3914 (LAP), 2006 WL 846722, at *2 (S.D.N.Y. Mar. 30, 2006) (denying motion for preliminary injunction as moot where alleged injury stemmed from conditions in facility where plaintiff was no longer confined).

Plaintiff's claims are therefore dismissed as moot.

## CONCLUSION

For the aforementioned reasons, Plaintiff Sean F. Mescall's motion for a TRO is DENIED as moot. BOP Defendants Patrick McFarland and Collette S. Peters's motion to dismiss is also DENIED as moot.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff and to terminate ECF Nos. 2 and 25. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: September 30, 2023
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge